UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>                         )<br>     v.                  )<br>                         )<br> FREDERICK SIMONE,       )<br> VINCENT GIOACCHINI and  )<br> FRANCIS WHITE,          )<br>                         )<br>     Defendants.         ) | Cr. No. 03-10356-MLW |

                              ORDER

WOLF, D.J.                                    December 4, 2003

     The above-captioned case has been randomly assigned to this court.  The attached December 2, 2003 <u>Boston Herald</u> article, "Hanging With the Mob? Joe, Say It Ain't So" (Exhibit A), and December 3, 2003 <u>Boston Globe</u> article, "Salvati Taped Talking to Mobster" (Exhibit B), each report that Joseph Salvati was intercepted on wiretaps relating to this case.  The <u>Boston Globe</u> article expressly attributes this information to "law enforcement officials."  It also states that "Salvati ... was repeatedly recorded in the fall of 2000 talking with Frederick A. Simone, a mobster in the New England Mafia who was indicted Monday on racketeering, loan-sharking, and extortion charges, officials said."

     The magistrate judges who have conducted proceedings in this case inform this court that neither the wiretaps nor the allegations concerning Mr. Salvati have, as of December 3, 2003, been disclosed or discussed in judicial proceedings.  Nor do they

appear to be included in any of the public filings in this case. Therefore, there may have been an unlawful disclosure of information intercepted pursuant to 18 U.S.C. §2510 et seq. ("Title III.").[1]

More specifically, 18 U.S.C. §2517 defines the lawful uses of information intercepted pursuant to Title III. Such uses do not include disclosure to the media. 18 U.S.C. §2511 makes it a federal crime, punishable by up to five years in prison, to disclose in certain circumstances information intercepted pursuant to Title III. In addition, 18 U.S.C. §2520 provides that "[a]ny willful disclosure or use by an investigative or law enforcement officer or governmental entity of information beyond the extent permitted by section 2517 is a violation of [Title III] for purposes of section 2520(a)," which provides for civil remedies, including actual damages, punitive damages, and injunctive relief.

In view of the foregoing, it is hereby ORDERED that, by December 12, 2003, the government shall file, under seal:

1. An affidavit stating the name of each individual employed by the federal, state, or local government who is authorized to have access to information intercepted pursuant to Title III

---

[1] Any disclosure of intercepted information to the media may also violate the Orders authorizing the electronic surveillance, which this court has not yet reviewed. Therefore, the government shall, on December 4, 2003, provide this court, under seal, a copy of each Application and Order for electronic surveillance relating to this case, and each report to the Court filed pursuant to any such Order.

relating to this case, each of whom shall be deemed an "Authorized Individual" for the purposes of this Order. The affidavit shall also state the name of any defendant and/or his lawyer, in this or any other case, to whom any such information was disclosed prior to December 3, 2003. In addition, the affidavit shall state whether Mr. Salvati was indeed intercepted and, if so, whether and when he was given notice that he had been intercepted.

   2. An affidavit from each Authorized Individual stating, under oath, whether that affiant has: (a) spoken to, or otherwise communicated with, Shelley Murphy, J.M. Lawrence, Kevin Rothstein, and/or Franci Richardson (the authors of Exhibits A and B) since November 15, 2003; (b) disclosed at any time information concerning electronic surveillance relating to this case to Murphy, Lawrence, Rothstein, and/or Richardson; and/or (c) disclosed information concerning electronic surveillance relating to this case to any other person who is not an Authorized Individual. If any such discussion or disclosure occurred, it shall be described, including but not limited to a description of any discussion or disclosure concerning Mr. Salvati. Each affidavit shall also describe any information or knowledge the affiant has concerning the actual or possible source(s) for Exhibits A and/or B.


                                    ____/s/ Mark L. Wolf_____
                                    UNITED STATES DISTRICT JUDGE