```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS
```

UNITED STATES OF AMERICA        )
                                )
    v.                          )
                                )
FREDERICK SIMONE,               )   Cr. No. 03-10356-MLW
VINCENT GIOACCHINI and          )
FRANCIS WHITE,                  )
                                )
    Defendants.                 )

<u>MEMORANDUM AND ORDER</u>

WOLF, D.J.                                              May 7, 2004

      The indictment in this case was issued on November 20, 2003. The government has provided the defendants some information as automatic discovery, but has declined to disclose certain other information.

      At the February 24, 2004 hearing, after consulting counsel concerning their obligations in other cases, the court established a schedule for the next phase of this case. <u>See</u> Feb. 24, 2004 Tr. at 141-49. That schedule was memorialized in a February 26, 2004 written Order (the "February 26, 2004 Order"). Paragraph 1 of the February 26, 2004 Order states that: "Counsel shall confer and any discovery motions shall be filed by April 23, 2004." In addition, a status conference was scheduled for May 6, 2004, at 3:00 p.m. <u>See</u> Feb. 26, 2004 Order, ¶3.

On April 26, 2004 Kevin Reddington, counsel for defendant Frederick Simone, filed an "Assented to Motion for Extension of Time for Filing of Discovery Motions" (the "Assented to Motion"). It was signed by him. It was also, evidently, signed by someone with the initials "IAM" on behalf of Richard Egbert, Esq., counsel for defendant Francis White, Robert George, Esq., counsel for defendant Vincent Gioacchini, and Assistant United States Attorney Colin Owyang. That motion states, in part, that:

> In support of the within motion defense counsel note that due to the press of trial matters the defendants' counsel have not submitted the requisite discovery motions. Further, counsel yesterday received volumes of transcripts from the government but for obvious reasons <u>have</u> not reviewed said transcripts and therefore the defendants respectfully move this Court for a sixty day extension to file discovery motions .
> . . .

Assented to Motion at 1. (Emphasis added).

On May 5, 2004, the court issued an Order directing that the parties be prepared to address at the May 6, 2004 conference defendants' request for additional time to file discovery motions. <u>See</u> May 5, 2004 Order, ¶1. As Mr. Reddington informed the Deputy Clerk that he was on trial in Bristol County, the court agreed to his request that Mr. Egbert be allowed to represent him and Mr. Simone at that conference.

Mr. George was not present when the conference commenced at

3:00 p.m. on May 6, 2004. Rather, the court was advised by one of his associates that Mr. George had chosen instead to attend other matters in Norfolk and Suffolk counties. The court directed that Mr. George appear. He did so at about 3:30 p.m. Among other things, Mr. George reported that the other matters had been scheduled after the issuance of the February 26, 2004 Order in this case.

At the May 6, 2004 hearing Mr. George and Mr. Egbert stated that defense counsel had not conferred with counsel for the government concerning discovery issues. In addition, it was explained that Mr. Egbert received the transcripts referenced in the Assented to Motion in January 2004 and Mr. George received them on or about March 10, 2004. The government stated that "after pursuing Mr. Reddington for quite a period of time, the transcripts were produced [to him] sometime in April [2004]."

In view of the foregoing it appears that all defense counsel failed to confer with government counsel concerning discovery issues as required by the February 26, 2004 Order. In addition, it appears that Mr. Reddington made a statement that was at least misleading when he represented in the Assented to Motion that "counsel yesterday received volumes of transcripts from the government but for obvious reasons have not reviewed such

transcripts." (Emphasis added).[1]  Moreover, the fact that the Assented to Motion was not filed long before April 23, 2004 effectively deprived the court of the authority to deny the motion if it was not meritorious.

As the Speedy Trial Act recognizes, the public, as well as the defendants, has an interest in having this case resolved as soon as reasonably possible. See, e.g., 18 U.S.C. § 3161(h)(8)(A) (a continuance may be granted if the judge finds that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.").

In addition, there is an important public interest in assuring that court orders are not ignored.  Nevertheless, a judge should be careful in contemplating and exercising the power of contempt.  As the Supreme Court has stated:

> The power of contempt which a judge must have and exercise in protecting the due and orderly administration of justice, and in maintaining the authority and dignity of the court, is most important and indispensable.  But its exercise is a delicate one, and care is needed to avoid arbitrary or oppressive conclusions.

Cooke v. United States, 267 U.S. 517, 539 (1925).  Moreover,

---

[1] At the May 6, 2004, conference, Mr. Egbert stated that he authorized Mr. Reddington to file the Assented to Motion, but did not see it before it was filed. Mr. George did not address whether he had seen that motion before it was filed.

"the limits of the power to punish for contempt are the least possible power adequate to the end proposed." Harris v. United States, 382 U.S. 162, 165 (1965) (internal quotations and citations omitted).

In view of both the apparent disregard of the court's Orders, and the court's interest in not initiating contempt proceedings that are either not justified or necessary, the court is ordering that defense counsel explain why the court should not initiate criminal contempt proceedings against any or all of them pursuant to 18 U.S.C. §401 and Federal Rule of Criminal Procedure 42(a).[2]

Accordingly, it is hereby ORDERED that:

1.    Defendants shall purchase the transcript of the public part of the May 6, 2004 hearing.

2.    Messrs. Reddington, George, and Egbert shall each, by May 13, 2004, file an affidavit addressing their respective efforts to comply with paragraph 1 of the February 26, 2004 Order, the reasons for any failure to do so, and whether the court should be concerned about their willingness to obey its

---

[2]This Order does not represent a Notice pursuant to Federal Rule of Criminal Procedure 42(a), but rather is part of the court's effort to determine whether criminal contempt proceedings are permissible and, if so, necessary to assure that its orders will, unless modified in advance, be obeyed in the future.

Orders in the future if criminal contempt proceedings are not now instituted.  Mr. George shall also address whether he saw the Assented to Motion before it was filed.  Mr. Reddington shall also address whether the court should find that the representations in the Assented to Motion regarding receipt and review of transcripts by defense counsel on or about April 21, 2004 were false and/or misleading. Counsel may, if they wish, file memoranda in support of their affidavits.

     3.   Counsel for Gioacchini and Simone shall also, by May 13, 2004, report on the status of the state court cases against them and of Simone's motion to suppress the electronic surveillance in his state court case.

     4.   A hearing to address whether criminal contempt proceedings are necessary and appropriate, and scheduling issues will be held on May 20, 2004, at 1:30 pm.

     5.   Simone, White, and Gioacchini shall read the transcript of the public part of the May 6, 2004 hearing and attend the May 20, 2004 hearing.

     6.   As agreed on May 6, 2004 by counsel for the parties, the time from May 6, 2004 to May 20, 2004 is excluded for Speedy Trial Act purposes.

```
                                        /s/ MARK L. WOLF
                                     UNITED STATES DISTRICT COURT
```