UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CASE NO. 03-CR-10356-MLW

UNITED STATES

VS.

FREDERICK A. SIMONE,
a/k/a FREDDY, a/k/a
THE NEIGHBOR,

VINCENT C. GIOCCHINI,
a/k/a DEE DEE; and

FRANCIS WHITE, a/k/a
THE WHITE-HAIRED GUY

## ADDENDUM TO
## AFFIDAVIT OF ATTORNEY KEVIN J. REDDINGTON

I, Kevin J. Reddington, Esq. being first duly sworn, depose and say that I have additional developments to report since my last affidavit;

1.) I have been advised that the motions filed in the Middlesex Superior Court, Commonwealth vs. Frederick Simone, Nos. 2001-49-001 and 002 for an Amral Hearing and Motion for Franks Hearing have been denied. A copy of Hon. Sandra Hamlin's Order, dated May 12, 2004 is annexed hereto for reference.

2.) I have obtained a copy of the May 6, 2004 transcript of the proceedings before the Hon. Mark Wolf. A copy of the cover page is annexed hereto. Copies of all affidavits filed in accordance with the Order of the Court have been provided to my client.

3.)   I have discussed with him as well the proceedings before this Court on May 6th and I have forwarded a copy of the unsealed proceedings representing pages 1-24 of the transcript.

Signed under the pains and penalties of perjury this 13th day of May, 2004.

*Kevin J. Reddington, Esq.*

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.

SUPERIOR COURT
CRIMINAL ACTION
Nos. 2001-49-001 and 002

COMMONWEALTH

vs.

FREDERICK SIMONE

### FINDINGS, RULINGS AND ORDER ON DEFENDANT'S MOTION FOR AMRAL HEARING AND MOTION FOR FRANKS HEARING

#### Findings of Fact

The defendant is before the Court charged with Possession of a Firearm in violation of G.L. c. 269, § 10(h), and Possession of Ammunition in violation of G.L. c. 269, § 10(h). (Middlesex ss. Indictments 2001-49-001-002). Based upon his record of prior convictions of two separate violent crimes as set forth in G.L. c. 269, § 10G(b), the defendant was also indicted as an Armed Career Criminal (Middlesex ss. 2001-49-001-002). These indictments were a result of an investigation into alleged criminal activities of the defendant involving gambling, extortion, criminal usury and conspiracy to commit these crimes. The investigation was conducted by the Massachusetts State Police assigned to the Attorney General's office.

On September 1, 2000 Massachusetts State Police applied for and were issued a wiretap warrant for the defendant's home and cellular phones. Applications to renew the warrant were filed and issued through November 10, 2000.

On October 19, 2000 Massachusetts State Police applied for and were issued a warrant to

include intercepting oral communications inside the defendant's home at 32 Lowther Road in Framingham. Renewal warrants were issued on October 24 and November 10, 2000.

On December 6, 2000, Massachusetts State Police applied for and were issued search warrants for the defendant's home at 32 Lowther Road in Framingham, and the defendant's car. The warrants were executed on December 7, 2000. The warrant to search his home was a no knock warrant. In his home, police found a loaded firearm (32 caliber gauge handgun with a magazine with 8 .32 caliber rounds). No items were seized from his vehicle.

Massachusetts State Trooper Russell Russolillo ("Trooper Russolillo") was the affiant for all warrants.

On the basis of two affidavits submitted by the defendant in support of his motions, the defendant alleges that Trooper Russolillo omitted information from his affidavits in support of the wiretap warrant of September 1, 2000 for the defendant's home and cellular phones and renewals, and the warrant to intercept oral communications inside the defendant's home, and that this omitted information casts ... "reasonable doubt on the veracity of material representations made by the affiant ...." Commonwealth v. Amral, 407 Mass. 511 (1990). Specifically, the defendant contends that Trooper Russolillo named Michael Dezotell ("Dezotell") and Vincent Roberto ("Roberto") as "targets" of the warrant when they were in fact informants. The affidavits are insufficient to support these allegations.[1]

The affidavits submitted by the defendant are from Pamela Harris-Daley ("Harris-Daley"), an attorney, and the defendant's co-counsel Patricia A. DeJuneas ("DeJuneas"). The DeJuneas affidavit concerning Roberto is based on information and belief about a case Roberto may have had

---

[1] The Court has given very careful consideration to the defendant's and the Commonwealth's positions and reviewed the extensive relevant materials and arguments.

2

in Florida. According to the Assistant Attorney General in his presentation at the Hearing on the Motions, Roberto's Board of Probation record was attached as an exhibit to the September 1, 2000 affidavit submitted to the judge who issued the wiretap warrant. The record shows a number of convictions for gaming related activities, but no arrest and/or conviction for a case in Florida. Reference is made to this case on page 27 in the affidavit of Russolillo submitted for the September 1, 2000 wiretap warrant. Indeed, according to this same affidavit, when Roberto was subpoenaed to testify under a grant of immunity before a Federal Grand Jury investigating illegal activity which included extortion of "rent" payments to individuals associated with the Patriarca crime family, Charles Quintina ("Quintina") and others in the early 1990's, he refused and was held in contempt. Quintina subsequently pled guilty and was sentenced for extorting "rent" from Roberto. (Affidavit, September 1, 2000, p. 28).

The affidavit of Harris-Daley, who indicated in her affidavit that she has been in a relationship with the defendant for approximately three years and known him for approximately seven years, relates conversations with Roberto's wife and a statement made by Dezotell. Harris-Daley's affidavit alleges that Roberto's wife, during a conversation in September 2000, told Harris-Daley that she "believed her husband was a 'rat'" because he had introduced her to persons she believed to be police officers or FBI agents as his friends. In her affidavit, Harris-Daley also recounts an off-hand remark by Dezotell that he was "with the FBI." Dezotell made the comment in response to being told that he should not drive home because he had been drinking.

The defendant claims that Roberto and Dezotell were really informants and that the omission from the Russolillo affidavits of their roles as informants was misleading, and was to bolster the claim of necessity concerning the wiretap. The defendant therefore asks that the Court order the Commonwealth to disclose the identity of its informants.

3

## Rulings of Law

The government's privilege against revealing the identity of a confidential informant is long-standing. See *Commonwealth v. Douzanis*, 384 Mass. 434, 441 (1981). The privilege stems from the government's interest in protecting and encouraging informants to assist law enforcement. *Amral*, 407 Mass. at 516. However, the government's interest in protecting the identity of its informants must be balanced against the public interest in deterring police misconduct. *Id.* at 516. Thus, a defendant is generally prevented from obtaining the identification of an informant where it is not the guilt or innocence of the defendant that hinges on disclosure, but rather the suppression of illegally obtained evidence. See *McCray v. Illinois*, 386 U.S. 300, (1967).

In the instant case, the defendant argues that information was intentionally omitted by the affiant, Trooper Russolillo, in order to falsely enhance the Commonwealth's claim of necessity with regard to the wiretap warrant. The defendant alleges that, had the allegedly omitted information been included in the affidavit, the court would not have issued the wiretap warrant.[2]

Where a defendant makes a "substantial preliminary showing" that a false statement, material to the finding of probable cause, was included by the affiant in the warrant affidavit knowingly, intentionally, or with reckless disregard for the truth, a hearing is required under *Franks v. Delaware*, 438 U.S. 154, 155-156 (1978). See *Amral*, 407 Mass. at 521-522. In *Commonwealth v. Amral*, the Supreme Judicial Court held that in cases such as this, where the probable cause for the

---

[2] The defendant directs this Court's attention to Judge Wolf's opinion in *United States v. Simone*, No. 03-10335 (March 29, 2004) as questioning the validity of the issued wiretap warrants. However, in *Simone*, Judge Wolf reserves any opinion as to the validity of the wiretap warrants. Rather, he states, "the information now before the court is insufficient to permit a meaningful evaluation of the merits of the forthcoming motion to suppress in this case. For present purposes, the court assumes that the intercepted evidence will be admissible." Judge Wolf makes no determination as to the validity of the warrants issued. This Court declines to speculate beyond the plain meaning of his statements.

4

issuance of the wiretap warrant rests at least in part on information provided by a confidential informant, an in camera hearing is the appropriate vehicle for the judge to make a determination regarding the defendant's challenge to the affiant. *Id.* at 522-523. Such a hearing enables the judge to question the affiant and the informant to determine whether there is a substantial preliminary showing, while simultaneously upholding the government's interest against unwarranted disclosure of the informant's identity. *Id.*

To attain an in camera hearing, the defendant must establish by affidavit sufficient facts to cast a "reasonable doubt on the veracity of material representations made by the affiant concerning a confidential informant." *Amral*, 407 Mass. at 522. To make this showing, the defendant must cite more than "[m]ere suspicion that there was no informant, or that the informant's 'reliability' credentials have been misstated, or that his information was other than as recited by the affiant." *Id.* at 522. While mere speculation is not enough to trigger an in camera hearing under *Amral*, an assertion of concrete facts tending to confirm such suspicion is sufficient. See *id.* The purpose of the in camera hearing is to "enable the judge through interrogating the affiant, and if necessary, the informant, to determine whether there is a substantial preliminary showing that the affiant has made false statements intentionally or recklessly." *Commonwealth v. Ramirez*, 416 Mass. 41, 54 (1993), quoting *Amral*, 407 Mass. at 522. The decision whether to hold the in camera hearing lies in the discretion of the judge hearing the motion. *Amral*, 407 Mass. at 518.

In this case, the defendant has made no credible showing of a need for the informants' identities to be revealed. The affidavits submitted by the defendant lack personal knowledge and are otherwise vague and speculative. Harris-Daley's assertions regarding Vincent Roberto are based in hearsay. Furthermore, the affidavit offers only that Vincent Roberto's wife, Mimi Roberto, "*believed* her husband was a 'rat.'" (emphasis added). The information asserted by Harris-Daley with

5

regard to Michael Dezotell, although based on first-hand knowledge, is vague and speculative. A flippant comment made by Dezotell after consuming alcohol is not sufficient to call into question the reliability of Trooper Russolillo as an affiant. The affidavit by DeJuneas lacks any personal knowledge, relying only "upon information and belief."

The assertions made in the affidavits of Harris-Daley and DeJuneas do not set forth sufficient facts to cast a reasonable doubt on the veracity of the statements made by the affiant in the warrant affidavit. *Amral*, 407 Mass at 524. As such, this Court holds that the defendant has failed to make the preliminary showing required by *Amral* to entitle him to an in camera hearing.

### ORDER

For the foregoing reasons, the defendant's Motion for an Amral Hearing is **DENIED**. Accordingly, the defendant's Motion for a Franks Hearing is also **DENIED**.

_____
Sandra Hamlin
Justice of the Superior Court

Dated: May 12, 2004

6

1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA         )   CR 03-10356
                                 )   Boston, MA
v.                               )   May 6, 2004
                                 )
FREDERICK SIMONE, ET AL.         )


BEFORE THE HONORABLE MARK L. WOLF
UNITED STATES DISTRICT JUDGE


APPEARANCES:


(As previously noted.)










JUDITH A. TWOMEY, RPR
Official Court Reporter
One Courthouse Way
Courtroom 10~Room 5200
Boston, MA 02210
(617)946-2577

## CERTIFICATE OF SERVICE

I, Kevin J. Reddington, Esq., Attorney for the Defendant, Frederick Simone, hereby certify that I have forwarded a copy of the within Addendum to Affidavit of Attorney Kevin J. Reddington, this date, via regular mail, to;

Ernest S. DiNisco
Assistant United States Attorneys
United States District Court
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA  02210

Kevin J. Reddington, Esq.

DATED: May 13, 2004