UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CASE NO. 03-CR-10356-MLW

UNITED STATES

VS.

FREDERICK A. SIMONE,
a/k/a FREDDY, a/k/a
THE NEIGHBOR,

VINCENT C. GIOCCHINI,
a/k/a DEE DEE; and

FRANCIS WHITE, a/k/a
THE WHITE-HAIRED GUY

## DEFENDANTS' MOTION FOR DISCOVERY NO. 1

Now come the defendants, Frederick A. Simone, Vincent C. Giocchini and Francis White, in the above numbered indictment and in accordance with the pretrial Order of this Court regarding pretrial discovery motions does move this Court for an order compelling production of the following discovery;

1.) Disclosure of the identity of all witnesses who have been interviewed by the authorities, whether federal or state pertaining to the incidents at issue that constitute the actual basis of the indictments whether or not said witnesses are expected to testify in the trial of the case or as rebuttal witnesses.

2.) The dates of birth and addresses of any such witnesses identified above.

3.) Provide copies of any and all police reports, writings, memos and notes containing any such witness's statement or prepared contemporaneously therewith. To the extent the Jencks Act applies, this is a request for early disclosure of witness statement materials pursuant to said Act.

4.)   Production of any books, papers, documents, photographs, tangible objects, buildings or places that the government intends to reference or introduce into evidence at the trial. The defendants make specific request for any logs, records, memoranda and/or reports pertaining to surveillance of the defendants and/or co-defendants, co-conspirators or joint venturers. In the event there is surveillance for which there are no logs, memoranda, records, reports or the like, a description of the surveillance, including the name of the person who conducted the surveillance and the date and place of each such surveillance, the manner in which the surveillance was conducted and copies of any videos or any other recordings made in conjunction therewith. The defendants agree to reimburse the government and make payment for any such photographs or videotapes of surveillance if any do exist. Request is therefore made for copies of all photographs and copies of all videotapes or audio tapes or CDs in the care, custody and/or control of the government.

5.)   Disclosure of the names and addresses of any individuals that the government contends or may contend was an accomplice or a co-conspirator in any of the crimes alleged in the indictment. Further, the defendants move for a statement as to manner in which the individual was involved and whether the individual has been arrested or charged with the offense as well as production of any written or oral statements or recorded testimony or statements of said person. In the event the government does not wish to disclose the identity of any such person at this time the defendant would request that a redacted copy of the information be produced pending a hearing before this Court to compel disclosure.

6.) Copies of any examinations or tests regarding any of the indictment, including notes, records and/or memoranda pertaining to such scientific examination of any physical object or item of evidence. The defendants also request all medical records or counseling or therapy records that the government maintains arose out of any care or treatment extended to any purported victim as a result of the alleged actions of the defendants, including dates, places and times of service and fees incurred therefrom. Request is also made for disclosure of the government's intent to rely on the same or reference the same at the time of trial or any sentencing procedure.

7.) The defendants move that the government furnish, disclose and identify all documents, information and witnesses known to the government which tend to exculpate the defendant as that term is defined and used in <u>Brady vs. Maryland</u>, 373 U.S. 83 (1963), <u>Moore vs. United States</u>, 408 U.S. 786 (1972), <u>Giglio vs. United States</u>, 405 U.S. 150 (1972), <u>United States vs. Agurs</u>, 427 U.S. 97 (1976), <u>Kyles vs. Whitley</u>, 514 U.S. 419 (1995). Specific request for disclosure of any documents, information or witnesses known to the government that would contradict any of the allegations in the indictment, tend to affect the weight of the evidence presented against the defendants. Without limiting the generality of this request for exculpatory evidence, the defendants makes the following specific requests for exculpatory evidence;

    A.) All evidence including agents' notes tending to show that some other person other than the defendants were responsible in whole or in part, either jointly with the defendants or others or individually for any of the alleged offenses;

    B.) Names, addresses and dates of birth of any person or witnesses whether the government intends to call at trial or not who have made statements to

        the government which are inconsistent with or contradict any allegation contained in the indictment or any evidence the government expects to present at trial together with the substance of such statements including relevant documents, including any exculpatory statements made by alleged victims;

C.)     Any other exculpatory evidence or information not disclosed elsewhere in response to another discovery request or order. To the extent the government has already responded to this request, the defendants request supplementation if there are any more co-conspirators or accomplices known or discovered by the government since said earlier response.

8.)     The defendants move for early disclosure of Jencks Act materials containing any evidence which is subject to disclosure under Brady vs. Maryland, 373 U.S. 83 (1963). The defendant would respectfully suggest that the constitutional dictates of Brady, not the Jencks Act should govern the disclosure of evidence which is both Brady and Jencks Act materials. See United States vs. Beckford, 962 Fed. Supp. 780 (Eastern District of VA-1997) citing United States vs. Tarentino, 846 Fed. 2d 1384 n.11 at 1414 (DC Cir-1988) holding that Jencks Act timing limitations do not lessen the government's obligations to disclosure exculpatory Brady material. See also United States vs. Starusko, 729 Fed. 2d 256 (3rd Cir.-1984), United States vs. Pollack, 524 Fed. 2d 964 (DC Cir.-1976). Based on the above, the defendants move for disclosure of all statements of witnesses in the care, custody and/or control of the government. Request is made that it disclose each witness that was interviewed, called before the grand jury or who it intends to call at trial. Pertaining to the witnesses, request is made for the following;

A.)     A record of any and all criminal convictions, pending criminal cases, pending civil or criminal investigations;

B.)     All promises, rewards, inducements, assurances, threats, understandings or agreements, whether formal or informal, oral or written, made directly or indirectly by any law enforcement agency or agent, especially by the United States government, its representatives, agents, attorneys or employees to any witness or the witnesses' counsel or the witnesses'

        family or any offer made to extend any promise, reward or inducement to any third party which could be considered to be an inducement to cooperate with the government, including threats, promises, rewards, understandings, assurances or agreements regarding the witness or third parties made in connection with this or any other investigation or case;

    C.)    Information regarding payment of money to or on behalf of or at the direction of any such witness or offer to make payments to any third party or to obtain any benefit for the individual witness or a third party and;

    D.)    Any offers or grants of immunity, letters to counsel or the witness suggesting that the witness is not a target or plea proposals, whether oral or written as well as assurances given regarding any Internal Revenue Service investigations or investigations arising out of any such payment or promises.

    E.)    In the event that any witness has been offered protection to any degree, the name of such witness.  With respect to any witness that is protected by Witness Protection Program or has had such offer extended or held in any fashion in protective custody, this request includes protection of the witnesses at an agreed upon time for interview by defendant's counsel and/or investigator.

    F.)    In the event that any witness has or had jeopardy or liability from any governmental agency, whether federal, state or local, for any crimes or acts that are alleged to have been committed by the witness, a detailed statement of the crimes or acts for which the witness has allegedly been made aware of and is aware of its criminal or civil jeopardy.

9.)    The defendants request details of oral, recorded or written statements made by each witness whose testimony is inconsistent with that witness's grand jury testimony, trial testimony as anticipated and statements intended to be introduced into evidence or with the statement or testimony of any other witness.

10.)    The defendants request disclosure of any specific instances of false conduct, misconduct, lies, perjury or violation of any oath or affirmation, particularly false statements or statements the government has any reason to believe are false bearing on the truthfulness of the witness.  This request is also inclusive of any polygraph testing, handwriting exemplars, voice stress analysis examinations or any such scientific testing that has been utilized in the evaluation of the

    truthfulness of the witness, whether or not the witness is intended to testify in this case.

11.) Any other facts bearing on the credibility or motive of the witness to speak truthfully or their ability to perceive and relay observations accurately.

12.) The defendants request that the government furnish and disclose all search and arrest warrants, including supporting affidavits and returns that were sought in connection with this investigation, whether or not they were approved by a magistrate or a judge. Request is also made for any and all warrants sought such as warrants for electronic surveillance set forth in accordance with 18 U.S.C. §2510 or any Title VIII surveillance. Request is made for disclosure of any and all orders of any court of any jurisdiction permitting the interception or monitoring of any oral communications during and pursuit to the course of this investigation. To date, the defendants have been provided with transcripts as well as various court orders and documents. Obviously, any further discovery would be in addition thereto.

13.) The defendants request information regarding any effectuation of scientific tests or consultations with any experts regarding testing of any evidence or expert advice regarding any evidentiary issue in this case. If so, please advise as to the time and place of the access, attempted access, testing, consultation or reports thereof.

14.) Production of any and all consensual interceptions effectuated pursuant to applicable federal and state law, including Local Rule 116(1)(c)(1)(d). Request is made for copies of any affidavits and applications for any such consensual

recordings if any do exist and/or a denial of any such consensual recordings or so-called Blood warrants.

15.) The defendants move for copies of all transcripts, including draft transcripts of any and all tape recordings or intercepted communications.

16.) The defendants request that the United States Probation Office or the FBI produce records of prior convictions regarding probation records and pre-sentence reports of any witness.

17.) Disclose to the defendants whether or not the government intends to offer any evidence of bad acts or prior misconduct as that term is defined under Rule 404(b) of the Rules of Criminal Procedure and any instance that the government intends to rely on the prosecution of this case in its case-in-chief or in rebuttal thereof.  In the event that there is such anticipated evidence, request is made for copies of all police reports, names and addresses of witnesses and any evidence, reports, statements, documents or information upon which the government has relied and intends to rely upon during its case-in-chief or in rebuttal evidence.

18.) The defendants move for disclosure of all oral statements as well as all written and recorded statements made by the defendant or any co-defendant or alleged co-conspirator, whether made before or after arrest and indictment and whether or not in response to interrogation.  Included would be disclosure of the time, place and circumstance of each such statement, including names and addresses of persons present when the statement was made.  Request is made that the substance of any oral statements on which the government intends to offer made

        by the defendant, co-defendant or co-conspirator, whether before or after arrest also be reduced to writing and disclosed to the defendant.

19.) The defendants request that the government disclose any statements, oral or written, which it intends to offer as evidence at hearing or at trial as being vicarious admissions of the defendants, with identification of date, time, place and circumstance of any such statement. Request is also made for disclosure of any statements, oral or written, that the government intends to offer at trial as substantive evidence in its case in chief or as rebuttal evidence not disclosed in response to any of the other discovery requests set forth herein. Included in this request would be any vicarious admissions purportedly made by the defendant, co-defendant or any alleged co-conspirators.

20.) The defendants move for disclosure of any issues regarding photographic, corporeal, vocal, video or other electronic or direct identification of the defendants by any witness. Included in this request for information is the time, date and place thereof, name of the person making or attempting to make the identification as well as persons present at the time. The identities of all persons displayed physically by photograph, by video, by vocal statement, sound or otherwise, including any non-identified individuals, copies of all reports of a full and complete statement of anything said at the time and place concerning the identification of the individual.

21.) The defendants move for timely disclosure of any physical evidence that will be presented at the time of trial.

22.)   The defendants move for an order compelling the government to disclose any evidence of prior bad or illegal acts that the government anticipates in seeking to introduce into evidence as 404(B) conduct or for any other government theory of admissibility.

23.)   The defendants have heretofore requested protection and preservation of all agents or police officers' notes and does hereby move for protection of the same.

Frederick Simone
By his attorney

/s/Kevin J. Reddington"

Francis White,
By his attorney

/s/ Richard M. Egbert, Esq.

Vincent C. Giocchini,
By his attorney

/s/ Robert George, Esq.