UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CASE NO. 03-CR-10356-MLW

UNITED STATES

VS.

FREDERICK A. SIMONE,
a/k/a FREDDY, a/k/a
THE NEIGHBOR,

VINCENT C. GIOCCHINI,
a/k/a DEE DEE; and

FRANCIS WHITE, a/k/a
THE WHITE-HAIRED GUY

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO SUPPRESS PHYSICAL EVIDENCE NO. 1
## SEIZED PURSUANT TO A SEARCH WARRANT

**Facts**

On December 6, 2000 a search warrant authorizing the search of the defendant's home located at 32 Lowther Road, Framingham, Massachusetts was issued by Superior Court Judge Margot Botsford. This was a "No-Knock" warrant seeking weapons and/or ammunition. On December 7, 2000 the defendant was arrested in his home by Massachusetts State Police detectives after a .32 cal. firearm was found in his home during the execution of the warrant. The defendant was initially arraigned in Middlesex Superior Court on February 12, 2001. This federal prosecution commenced three years later[1]

The Commonwealth conducted a wiretap investigation from September 1, 2000 to December 7, 2000. The defendant, Simone, was a target of the investigation. During this period of time a number of orders and warrants authorizing the interception of telephonic

communications were issued for two telephones used by Simone. On October 19, 2000 a "bug" was used up through and including December 7, 2000 to intercept conversations within the defendant's home.

As a result of information obtained during the above investigation, search warrants were issued for Simone's person, vehicle and residence. As a result of the execution thereof the Savage .32 cal. pistol with 8 rounds of ammunition was found.

## I. THE AFFIDAVIT DID NOT SET FORTH PROBABLE CAUSE TO BELIEVE WEAPON(S) OR AMMUNITION WOULD BE LOCATED AT THE PLACE TO BE SEARCHED WHEN THE WARRANT WAS ISSUED

To satisfy the requirement of the Fourth Amendment to the United States Constitution that no warrant shall issue without probable cause, the affiant must present sufficient factual basis to believe that the contraband sought would be at the place to be searched when the warrant is issued. **United States vs. Owens**, 167 F.3d 739 (1st Cir. 1999), cert. denied, 120 S.Ct. 224, **United States vs. Le**, 173 F.3d 1358 (10th Cir. 1999).

Probable cause is a "fluid concept" that evolves as the assessment of probabilities in a particular factual context develops. **United States vs. Allen**, 168 F3 293 (6th Cir. 1999), ret'g en banc granted, judgment vacated 179 F3 1002 (6th Cir. 1999).

> "Probable cause exists when the facts and circumstances within (the officer's) knowledge and or which they had reasonably trustworthy information (are) sufficient in themselves to warrant of man of reasonable caution in the belief that an offense has been or is being committed….In dealing with probable… cause we deal with probabilities. These are not tactical; they are factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." **Brinegar vs. United States**, 338 U.S. 839 (1949) quoting **Carroll vs. United States**, 267 U.S. 132 (1925). See also **United States vs. Watson**, 423 U.S. 411, 431, n.4, 96 S.Ct. 820, 831 n.4 46, L.Ed2 598 (1976).

---

[1] This is actually the second federal prosecution arising out of the same set of facts. The first was dismissed.

A search warrant affidavit and application must provide a factual basis to determine that there is probable cause to believe that; 1.) a crime has been committed, the "commission" element and, 2.) enumerated evidence of the offense will be found at the place to be searched, the "nexus" element.  **United States vs. Feliz**, 182 F.3d 82 (1st Cir. 1999) cert, denied, 120 S.Ct. 942 (U.S. 2000).  The affidavit fails to satisfy the "nexus" prong of the probable cause inquiry.  **United States vs. Feliz**, supra.

II.  **THE INFORMATION PRESENTED TO THE MAGISTRATE WAS DISTORTED, CONSTITUTED AN "OPINION" REPLETE WITH EDITORIAL LICENSE AND WAS STALE**

A review of the affidavit presented on December 6, 2000 when taken in the light most favorable to the inferences of use of a weapon that the government suggested to the issued magistrate shows that at best it was stale.  At worst, it was an intentional misrepresentation of what was actually stated in the conversations with manipulation of a key portion of the conversation.

Staleness of information contained in the affidavit is not something that lends itself to an easy "bright line test."  Clearly, the reliance on stale information or even a long delay between the actual acquiring of the information and effort to seek a warrant may create difficulties that may impact on probable cause.  **United States vs. Bizier**, 111 F.3d 214 (1st Cir. 1997).

The facts that are relied on must be sufficiently close in time to the application for the warrant so as to justify a finding of probable cause at the time the warrant is issued.  **United States vs. Wagner**, 989 F.2d 69, 75 (2nd Cir. 1993).  According to a common sense review of the affidavit, at best, Simone possessed a gun during the month of

October which information was stale by the time the warrant was issued in December[2]. As in **Bizier**, it is clear that the long delay creates difficulties.  See **United States vs. Charest**, 602 F.2d 1015 (1st Cir. 1879) (16 days from the time of a murder and issuance of a search warrant seeking the murder weapon held to be too long for a finding that the gun will still be located on the defendant's premises).

Simone's comments also indicate a clear awareness of the risk posed by gun possession.  This awareness coupled with a clear lack of any evidence after October 29, 2000 militates against the magistrate inferring that a weapon would be at Simone's residence when the warrant was issued 38 days later.[3]

Other than the affiant's speculation that Simone discussed alleged threats with Gugliemetti and co-defendant Giocchini, there is no direct or inferential reference to a gun or a weapon.  There is no continuity of criminal enterprise here.  The only reasonable inference would be that the possession of the gun was for a very limited time frame.  There was no probable cause to believe that the weapon was in the residence when the warrant was issued.

III.  **THE NO-KNOCK WARRANT WAS UNREASONABLE AND INVALID ON ITS FACE**

The affiant submitted his affidavit seeking a nighttime no knock warrant.  His only basis for requesting a no knock warrant was the stale conversation referred to above during the interception of conversations in October of 2000.  The affiant merely recites the defendant's history of arrest and convictions for violence.  He also suggests that

---

[2] The conversation relied on by the government took place on October 28, 2000.
[3] In the affidavit ¶32 Rusallilo states that Simone had stated that he is aware of the penalty for carrying a firearm.

Simone shows a disregard to any penalty due to his possession of a firearm.  Clearly, there is no constitutionally valid basis for a no knock warrant.

There is no exception to the "knock and announce" rule even for felony drug investigations.  There must be a clear indication based on reasonably drawn inferences that it will be dangerous; futile or possibly allowing destruction of evidence before the knock and announce may be lifted from the execution of the warrant.  **Richards vs. Wisconsin**, 520 U.S. 1154, 117 S.Ct. 1333, 137 L.Ed2d 493 (1997).  See also Title 18 U.S.C. §3109.  See also **Wilson vs. Arkansas**, 513 U.S. 1145 (1995), **United States vs. Banks**, 540 U.S. 31, 124 S.Ct. 521, 157 L.Ed3d 343 (2003).

        Frederick Simone
        By his attorney

        /s/Kevin J. Reddington

        Francis White,
        By his attorney

        /s/ Richard M. Egbert, Esq.

        Vincent C. Giocchini,
        By his attorney

        /s/ Robert George, Esq.