UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CASE NO. 03-CR-10356-MLW

UNITED STATES

VS.

FREDERICK A. SIMONE,
a/k/a FREDDY, a/k/a
THE NEIGHBOR,

VINCENT C. GIOCCHINI,
a/k/a DEE DEE; and

FRANCIS WHITE, a/k/a
THE WHITE-HAIRED GUY

## AFFIDAVIT IN SUPPORT OF MOTION TO SUPPRESS PHYSICAL EVIDENCE NO. 3 DERIVED FROM EAVESDROPPING-RECORDING DEVICE (BUG) PLACED AT 32 LOWTHER ROAD, FRAMINGHAM, MASSACHUSETTS

I, Kevin J. Reddington, Esq., being first duly sworn, depose and say that;

1.) I am an attorney duly licensed in the Commonwealth of Massachusetts and I am a member of the Federal District Court Bar of the District of Massachusetts.

2.) I have reviewed the applications in support of electronic surveillance of the home phone as well as cell phone of my client, Frederick Simone.

3.) I incorporate by reference the facts and argument set forth in defendant's motion to suppress electronic surveillance (No. 2) in this affidavit.

4.) I do aver with specificity that the affidavit submitted in support of application to install an aural electronic intercept device in the home of the defendant was an unreasonable search and seizure in violation of his rights secured him under the Fourth Amendment to the United States Constitution as well as a violation of Title III of the United States Code.

5.)  I make the averment because a fair reading of the application submitted to the Middlesex Superior Court Judge was deficient in that it;

    a.)  Did not present a factual, reliable basis to determine that probable cause existed to believe that evidence of the target, designated offenses would be intercepted at the locus where the bug was to be installed, and;

    b.)  A fair and reasonable review of the prior applications for electronic surveillance as well as the instant affidavit and application revealed that normal and previously implemented "abnormal" or electronic surveillance in excess of normal investigative techniques had succeeded and were succeeding and there was no necessity to utilize the intrusive placement of the "bug" in his residence.

    c.)  The information provided in the affidavits annexed to the motion for a "Frank's hearing" is also incorporated herein.  I do believe that any failure to disclose the status of alleged targets as actual informants fatally affects the submission of the affidavit and such warrant is therefore illegal and the fruits thereof should be suppressed.

Signed under the pains and penalties of perjury this 15th day of September, 2004.

"s/Kevin J. Reddington"