**U.S. Department of Justice**

*Michael J. Sullivan*
United States Attorney
District of Massachusetts

Main Reception: (617) 748-3100

John Joseph Moakley United States Courthouse
Suite 9200
1 Courthouse Way
Boston, Massachusetts 02210

March 15, 2005

Kevin J. Reddington, Esq.
1342 Belmont Street
Brockton, MA 02301

Re: <u>Frederick A. Simone</u>
    Criminal No. 03-10356-MLW

Dear Mr. Reddington:

This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Frederick A. Simone ("Defendant"), in the above-captioned case. The Agreement is as follows:

1. <u>Change of Plea</u>

At the earliest practicable date, Defendant shall plead guilty to the following counts of the above-captioned Indictment: Counts Four and Five. Defendant expressly and unequivocally admits that he in fact knowingly, intentionally and willfully committed the crimes charged in Counts Four and Five of the Indictment, and is in fact guilty of those offenses. The U.S. Attorney agrees to dismiss Counts One, Two, Three, Six, Ten through Twenty-Six, Thirty-Nine, and the Racketeering Forfeiture Allegations and the Money Laundering Forfeiture Allegations following the imposition of sentence.

2. <u>Penalties</u>

Defendant faces the following maximum penalties as to Counts Four and Five: pursuant to Title 18, United States Code, Section 1951, Defendant faces a maximum twenty-year term of incarceration, a fine in accordance with Title 18, payment of the mandatory special assessment on each Count, and three years' supervised

release.

3. <u>Sentencing Guidelines</u>

The parties agree to take the following positions at sentencing with regard to offense conduct and adjustments under the United States Sentencing guidelines:

(a) **Base Offense Level**

With respect to Counts Four and Five, the parties agree that U.S.S.G. §§ 2B3.2(a) applies, so that Defendant's base offense level is 18.

(b) **Specific Offense Characteristic**

The parties agree that Defendant's Base Offense Level for Counts Four and Five should be increased by two levels pursuant to U.S.S.G. § 2B3.2(b)(1). The parties agree that Defendant's Base Offense Level should be increased by one level pursuant to U.S.S.G. § 2B3.2(b)(2) and § 2B3.1(7)(B).

(c) **Relevant Conduct**

The parties recognize that Counts One through Three; Six; Ten through Twenty-Six; and Thirty-Nine, which the U.S. Attorney has agreed to dismiss following imposition of sentence in this case, might be deemed relevant conduct pursuant to U.S.S.G. § 1B1.3 if proven by a preponderance of the evidence at a sentencing hearing. Defendant will take the position that these offenses cannot be proven by a preponderance of the evidence and therefore should not be considered relevant conduct at sentencing. In consideration of the benefits received by the government in this agreement, the government will not seek an evidentiary hearing or otherwise offer evidence to prove these or other uncharged offenses at sentencing. The government reserves the right to respond to requests for information from the District Court and the United States Probation Office in this case.

(d) **Grouping Of Closely Related Counts**

The parties agree that pursuant to U.S.S.G. § 3D1.2 and § 3D1.4, Defendant's Base Offense Level is increased by two levels.

(e) **Criminal History Category**

The parties agree that Defendant's Criminal History Category is no higher than IV.

2

(f) **Undischarged Term of Imprisonment**

The parties agree that U.S.S.G. § 5G1.3(c) applies, and agree to recommend that this Court impose a sentence to run concurrent to the sentence imposed in the matter of <u>Commonwealth v. Frederick Simone</u>, Number MICR2001-00049.

(g) **Acceptance of Responsibility**

The U.S. Attorney's agreement that the disposition set forth below is appropriate in this case is based, in part, on Defendant's prompt acceptance of personal responsibility for the offenses of conviction in this case.

The U.S. Attorney specifically may, at his sole option, be released from his commitments under this Agreement, including, but not limited to, his agreement that paragraph 4 constitutes the appropriate disposition of this case, if at any time between his execution of this Agreement and sentencing, Defendant:

(a) Fails to admit a complete factual basis for the plea;

(b) Fails to truthfully admit his conduct in the offenses of conviction;

(c) Fails to provide truthful information about his financial status;

(d) Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;

(e) Intentionally fails to appear in Court or violates any condition of release; and/or

(f) Commits a crime.

Defendant expressly understands that he may not withdraw his plea of guilty, unless the Court rejects this Agreement under Fed. R. Crim. P. 11(c)(5).

4. **Agreed Disposition**

The U.S. Attorney and Defendant agree pursuant to Fed. R. Crim. P. 11(c)(1)(C) that the following is the appropriate disposition of this case:

    (a) a sixty-three month term of incarceration;

    (b) payment of the mandatory special assessment;

    (c) a thirty-six month term of supervised release; and

    (d) a fine at the Court's discretion based upon the information contained in the presentence report.

The U.S. Attorney and Defendant agree that there is no basis for a departure from the sentencing range established by the United States Sentencing Guidelines.

In the event that the Court declines to accept this Agreement, the parties have agreed to continue plea negotiations in good faith and to propose a second plea agreement in keeping with the agreed disposition in this Agreement.

5. <u>Payment of Mandatory Special Assessment</u>

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

6. <u>Waiver of Hyde Amendment Claim</u>

Defendant is aware that 111 Stat. 2440, 2520 (1997), the so-called "Hyde Amendment," authorizes courts in criminal cases to award to certain prevailing defendants attorneys' fees and other litigation expenses. In exchange for concessions made by the U.S. Attorney in this Agreement, Defendant voluntarily and knowingly waives any claim that he might assert under this statute based in whole or in part on the U.S. Attorney's agreement in paragraph 1 to dismiss Counts One, Two, Three, Six, Ten through Twenty-Six, and Thirty-Nine.

7. <u>Probation Department Not Bound By Agreement</u>

The sentencing disposition agreed upon by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the United States Probation Office. Defendant's Cplea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(C). Defendant cannot withdraw his plea of guilty unless the sentencing judge rejects this Agreement. If the sentencing judge rejects this Agreement, this Agreement shall be null and void at the option of either the United States or Defendant. In this regard, Defendant hereby waives any defense to any charges which he might otherwise

4

have under any statute of limitations or the Speedy Trial Act.

8. <u>Civil Liability</u>

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in paragraph one of this Agreement.

9. <u>Withdrawal of Plea By Defendant</u>

Should Defendant move to withdraw his guilty plea at any time, this Agreement shall be null and void at the option of the U.S. Attorney.

10. <u>Breach of Agreement</u>

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of his pretrial release, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea. Defendant understands that, should he breach any provision of this agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by him, and any information, materials, documents or objects which may be provided by him to the government subsequent to this Agreement, without any limitation. In this regard, Defendant hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

11. <u>Who Is Bound By Agreement</u>

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

5

12. <u>Complete Agreement</u>

This letter contains the complete and only agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other than those set forth in this letter. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Ernest S. DiNisco.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By: _____
JAMES B. FARMER
Acting Section Chief
Chief, Criminal Division

ERNEST S. DINISCO
Assistant U.S. Attorney

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

*signature: Frederick A. Simone*
Frederick A. Simone
Defendant

Date: 3/18/05

I certify that Frederick A. Simone has read this Agreement and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

*signature: Kevin J. Reddington*
Kevin J. Reddington, Esq.
Attorney for Defendant

Date: 3/18/05