UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CASE NO. 03-CR-10356-MLW

UNITED STATES

VS.

FREDERICK A. SIMONE,
a/k/a FREDDY, a/k/a
THE NEIGHBOR,

VINCENT C. GIOCCHINI,
a/k/a DEE DEE; and

FRANCIS WHITE, a/k/a
THE WHITE-HAIRED GUY

## DEFENDANT'S AMENDMENT TO SENTENCING MEMORANDUM

Now comes Frederick A. Simone in the above numbered indictment and does append an addendum to his sentencing memorandum and motion for downward departure /credit for undischarged sentence arising out of same course of conduct. The defendant notes that he has been held in the Massachusetts Correctional System while awaiting disposition of his federal charge. The defendant has requested that this Court credit him for the time that he has spent pending sentencing in accordance with Federal Sentencing Guideline 5G1.3.

The defendant notes that the application note §5G1.3 makes clear that under subsection B the District Court should not only make the federal sentence run concurrent to the state sentence but where necessary should credit the defendant for time already served. United States vs. Brown, 232 F.3d 44 at 46 (2nd Cir. 2000). Despite cautionary language that this is a "adjustment" of the sentence the same process has been approved as a "downward departure." United States vs. Gonsalez, 192 F.3d 350 at 353 (2nd Cir. 1999), United States vs. Garcia-Hernandez, 237 F.3d 105, n.1 (2nd Cir. 2000).

The defendant also requests that the Court, in the event that the Court does grant the defendant relief on the sentencing should note on the judgment of committal in the

criminal case order that the sentence imposed is not a departure from the guidelines in the event the defendant has been credited for guideline purposes under 5G1.3B with time served in state custody. Reference application note 2, supra.

The power of the District Court does not conflict with the notion that it is the Bureau of Prisons which determines "jail credits."

> "First, we conclude that the sentencing court did have authority under U.S.S.G. §5G1.3B to adjust Ruggiano's sentence for time served on the state sentence in a way that it is binding on the BOP." Ruggiano vs. Reish, 307 F.3d 121 (3rd Cir. 2002).

U.S.S.G. §53.1 comment note 2 therefore makes clear that "concurrently" in subsection B means fully or retroactively concurrently, not simply concurrently with the remainder of the defendant's undischarged sentence. Despite the literal language referring to "undischarged sentences" the same logic and rule that apply where the prior sentence is deemed to have been discharged. See also United States vs. Davis, 2003 W.L. 21051715 (District of Connecticut 2003), United States vs. Rosado,  F.Supp. 2d (2003), W.L. 57005 at note 3 (So. District of NY, January 7, 2003), United States vs. Otto, 176 F.3d 416 (8th Cir. 1999), United States vs. O'Haggen, 139 F.3d 641 (8th Cir. 1998).

Note in O'Haggen that the Court stated;

> "no provision in the 1987 version of the guideline manual discourages departure for that reason. We think the inclusion of unexpired sentences without providing for expired sentences in 5G1.3 indicates that the commission may never have considered that a defendant would have already completed a sentence for the same conduct underlying his conviction prior to sentencing. Had they done so, a simple sentence would have been included prohibiting credit for expired sentences. We find nothing in the text or commentary of the 1987 version of the guidelines to suggest that the commission rejected the idea of giving credit for expired sentences. In fact, we find the opposite. The commentary to the 1987 version of §5G1.3 provides that 'departure would be warranted where independent prosecutions produce anomalous results that circumvent or defeat the intent of the guidelines.'" U.S.S.G. §5G1.3 comment (1987). See also United States vs. Blackwell, 49 F.3d 1242 (7th Cir. 1995), United

States vs. Phipps, 63 F.3d 159 (7th Cir. 1995) (urging revision of 5G1.3 to eliminate disparity between treatment of discharged and undischarged sentences).

It does not matter if the Court determines that concurrence is called for under §5G1.3(C) instead of b although application note 2 specifically refers to b, it's methodology may be used to achieve the same concurrent effect under Ruggiano vs. Reish, supra, United States vs. Brannan, 74 F.3d 448 (3rd Cir. 1996).

After the 1995 amendments to 5G1.3 the Second Circuit took a route approving only downward departures to achieve the desired degree of concurrence. See United States vs. Fermin, 252 F.3d 102 (2nd Cir. 2001). In the 2003 amendments, the departure method was adopted as a preferred method for achieving the same result under 5G1.3 Amendment 660. See 67 Federal Register 77532, 77540-77543 similarly United States vs. O'Haggen, 139 F.3d 641 (8th Cir. 1998) (District Court has authority pursuant to 5K2.0 to depart downward to reflect discharged state sentence).

Frederick Simone
By his attorney

/s/Kevin J. Reddington